IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OLIVER W YOUNG, JR,

    Plaintiff,

v.                                                          CASE NO. 4:10-cv-00156-SPM-AK

ROBERT BAKER, et al,

    Defendants.

_____/

**O R D E R**

By Order dated July 20, 2010, Plaintiff was directed to show cause as to why this matter should not be dismissed for failure to pay the initial filing fee within the time directed. (Doc. 7). Plaintiff has responded (doc. 8), and the fee has now been received. (Doc. 9).

Having now reviewed the complaint, it is evident that the defendants all reside in Columbia County, which is in the Middle District of Florida, and this cause should be transferred. See 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.

Accordingly, it is hereby

ORDERED:

That this cause be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division.

DONE AND ORDERED this 18th day of August, 2010.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge

*Case No: 4:10-cv-00156-SPM-AK*